UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MARNIE MERRITT,

          **CASE NO.:** 8:14-cv-1475 (MAD/RFT)

    Plaintiff,

  -against-                      COMPLAINT

NORTHLAND GROUP, INC.,        PLAINTIFF DEMANDS TRIAL
                                         BY JURY

    Defendant.
--------------------------------------------------------X

## COMPLAINT

MARNIE MERRITT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NORTHLAND GROUP, INC. ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New York therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Chateaugay, New York 12920.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 7831 Glenray Road, Suite 250, Edina, Minnesota 55439-3117.

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

11. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

14. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not have any business debt.

15. Beginning in or around October 2014, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone in its attempt to collect the alleged debt.

16. Defendant's calls originated from telephone numbers including, but not limited to, (888) 362-3646. The undersigned has confirmed that this number belongs to Defendant.

17. On average, Defendant called Plaintiff's cellular telephone up to six times in a given day, and over ten times in a week.

18. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

19. Defendant's automated messages identified its company name as the caller.

20. As part of the automated message, Plaintiff was instructed to stay on the line to be transferred to a live representative.

21. On at least one occasion, Plaintiff followed the automated message's instructions and remained on hold for over thirty minutes in order to be transferred to a live representative. However, even after thirty minutes, the call was never transferred to a live representative.

22. Defendant's telephone calls were not made for "emergency purposes."

23. Also, Plaintiff never provided Defendant consent to call her cellular telephone.

24. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone for several weeks.

25. Finally, within five days of its initial communication with Plaintiff, Defendant failed to send written notification of her rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

26. Defendant's actions in attempting to collect the alleged debt were made with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

27. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Defendant violated § 1692d when it placed repeated harassing calls to Plaintiff's cellular telephone in its attempts to collect the alleged debt.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

29. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated § 1692d(5) when it caused Plaintiff's cellular telephone to ring repeatedly and continuously with intent to annoy, abuse, or harass Plaintiff.

## COUNT III
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

31.     A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

32.     Defendant violated § 1692f when it harassed Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## **DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

33.     A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34.     Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute

the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

## COUNT V
## **DEFENDANT VIOLATED THE TCPA**

35. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

36. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

37. Defendant's calls to Plaintiff were not made for emergency purposes.

38. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MARNIE MERRITT, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

d. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

e. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

f. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3); and

g. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARNIE MERRITT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: December 5, 2014

By: /s/ Craig Thor Kimmel  
Craig Thor Kimmel  
Attorney ID #2790038  
Attorney for Plaintiff  
Kimmel & Silverman, P.C.  
1001 Avenue of the Americas, 12th Floor  
New York, New York 10018  
Phone: (212) 719-7543  
Facsimile: (877) 617-2515  
Email: kimmel@creditlaw.com